No. 502			July 17, 2024			827

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of A. W.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*
*and*

A. W.,
*Respondent,*
*v.*

A. L. W.,
*Appellant.*

Benton County Circuit Court
23JU04058; A182906

Locke A. Williams, Judge.

Argued and submitted June 3, 2024.

Kristen G. Williams argued the cause and filed the briefs for appellant.

Jon Zunkel-deCoursey, Assistant Attorney General, argued the cause for respondent Department of Human Services. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Christa Obold Eshleman argued the cause for respondent A. W. Also on the brief was Youth, Rights & Justice.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

KAMINS, J.

Jurisdictional judgment reversed and remanded for entry of judgment omitting allegation (C); otherwise affirmed.

**KAMINS, J.**

In this juvenile dependency case, mother appeals the juvenile court's judgment asserting jurisdiction over her child, A, pursuant to ORS 419B.100(1)(c).[1] Mother raises six assignments of error, challenging each of the five jurisdictional bases and asserting generally that the juvenile court erred in taking dependency jurisdiction over A. She requests that we reverse the jurisdictional judgment, or in the alternative, reverse and remand with instructions to enter a jurisdictional judgment omitting any unproven allegations. As explained below, although the evidence was sufficient to support four of the jurisdictional bases, it was insufficient to support the allegation that mother exposed A to unsafe people, specifically, mother's mother and A's father.[2] Accordingly, we reverse and remand for entry of a judgment omitting that allegation as a basis for jurisdiction and otherwise affirm.

Unless we exercise *de novo* review, which we do not do in this case, we view "the evidence, as supplemented and buttressed by permissible derivative inferences, in the light most favorable to the trial court's disposition and assess whether, when so viewed, the record was legally sufficient to permit that outcome." *Dept. of Human Services v. N. P.*, 257 Or App 633, 639, 307 P3d 444 (2013). "To establish a basis for juvenile court jurisdiction for purposes of ORS 419B.100(1)(c), the state must prove, by a preponderance of evidence" "that a child's welfare is endangered because, under the totality of the circumstances, there is a current threat of serious loss or injury to the child that is reasonably likely to be realized." *Dept. of Human Services v. K. C. F.*, 282 Or App 12, 19, 383 P3d 931 (2016) (internal quotation marks omitted).

In its amended dependency petition, the Department of Human Services (DHS) asserted that the juvenile court should take jurisdiction over A on the following five

---

[1] ORS 419B.100(1)(c) provides, in relevant part, that "the juvenile court has exclusive original jurisdiction in any case involving a person who is under 18 years of age and * * * [w]hose condition or circumstances are such as to endanger the welfare of the person or of others."

[2] A's father is not a party to this appeal.

allegations: "(A) Mother's substance abuse impairs her ability to safely parent the child"; (B) A "tested positive for illicit substances at the time of birth and mother's substance abuse impairs her ability to safely parent A"; (C) mother "exposed A to unsafe circumstances and/or people"; (D) mother's "mental health problems impair her ability to safely parent the child"; and (E) mother's "erratic and/or impulsive behavior impair her ability to safely parent A." After a jurisdictional trial, the court concluded that DHS proved all five allegations.

At the conclusion of the trial and in regard to allegation (C)—which was premised on an argument by DHS that mother exposed A to mother's mother and A's father who are "unsafe people"—the trial court posited that A's father "clearly has *** an open criminal history that involves" controlled substances and a "case history where his children were removed." As for mother's mother, the trial court noted that "I can't say too much about [mother's] mother."

On appeal, mother contends that the juvenile court lacked authority to take jurisdiction on any basis, because the evidence does not "demonstrate the required nexus between the alleged parental deficits and the likelihood of a nonspeculative risk of serious loss or injury *** likely to befall [A] or that such a risk was likely to occur." As to her exposure of A to unsafe people, mother argues that DHS did not prove that "mother's mother or [A's] father are 'unsafe' or that mother exposed [A] to them *** in a way" that endangered A's welfare. DHS responds that jurisdiction on all allegations was appropriate. With regard to mother's exposure of A to unsafe people, DHS argues that A's father is unsafe because he "has a history of unsafe behavior including a founded disposition for child abuse against his then-four-year-old son" in 2013 and a concerning history of substance abuse.

After reviewing the record and considering the totality of the circumstances, we conclude that the juvenile court correctly asserted jurisdiction based on four of the allegations but that the evidence was insufficient as to allegation (C)—that mother exposed A to unsafe people.

According to testimony, "it was indicated" that mother's mother had a history of substance abuse and one

caseworker believed that she was "active in her use." Other than that testimony, there is no evidence in the record that details mother's mother's drug use or how exposure to her endangered A. Indeed, the trial court noted that it "can't say too much about [mother's] mother" when determining whether she was unsafe. As such, there was insufficient evidence to establish that mother's mother was unsafe. *See Dept. of Human Services v. J. H.*, 292 Or App 733, 739, 425 P3d 791 (2018) (explaining that "[w]e have repeatedly recognized that a parent's substance abuse alone is not sufficient to assert jurisdiction, even when a child is aware of it").

Similarly, DHS did not prove that exposure to A's father endangered A. A's father's history of drug use and past "child welfare history" standing alone do not establish that he is unsafe; that is particularly true when, as here, there is insufficient evidence to demonstrate the required nexus that A's father's history presents a serious risk of loss or injury to A. *See Dept. of Human Services v. A. L.*, 268 Or App 391, 399, 342 P3d 174 (2015) (explaining that even though DHS "identified the paternal grandfather's 10-year-old founded disposition of physical abuse," there was "insufficient evidence to demonstrate a nexus between the paternal grandfather's prior physical abuse and a current risk of harm to the children"); *see also Dept. of Human Services v. R. D.*, 316 Or App 254, 260, 502 P3d 1183 (2021) (explaining that although father's "most recent criminal episode * * * [of] stabbing his former girlfriend" is "serious," "there is no evidence that [the children] were placed at risk of harm when that crime was committed"). Accordingly, the trial court erred in asserting jurisdiction under allegation (C).

An "entire juvenile case orbits" around the "alleged and proven jurisdictional basis." *Dept. of Human Services v. L. A. K.*, 306 Or App 706, 716, 474 P3d 925 (2020). Indeed, the services provided by DHS and the reasonableness of DHS's efforts will flow from those jurisdictional bases. *Id.* at 717. Because each allegation has a reverberating impact, each must be supported by the evidentiary record.

Jurisdictional judgment reversed and remanded for entry of judgment omitting allegation (C); otherwise affirmed.